## SUGATEX CORPORATION v. CLIFT.

### No. 11986.

Court of Civil Appeals of Texas.
San Antonio.

Nov. 30, 1949.

Rehearing Denied Dec. 28, 1949.

Strickland, Wilkins, Hall & Mills, Mission, for appellant.

Hill & Lochridge, Mission, for appellee.

W. O. MURRAY, Justice.

This suit was instituted by W. H. Clift against Sugatex Corporation, successor to Citrus By-Products Corporation, seeking to recover the value of a frame house situated in McAllen, Hidalgo County, Texas, and alleging the house was given to him by Southwestern Sugar and Molasses Company, a corporation from whom Citrus By-Products Corporation purchased the leasehold estate upon which the house in question was situated. Citrus By-Products Corporation bought the plant and all buildings on the leasehold estate, together with the leasehold and option to buy the land covered by the lease from Southwestern Sugar and Molasses Company in 1946.

The trial was to a jury which found, in response to special issues, first, that it was the purpose and intention of A. I. Kaplan at the time the house in question was built that same should be and become the individual, personal property of Clift, rather than the property of Southwestern Sugar and Molasses Company. Second, that at the time the Citrus By-Products Corporation delivered to Southwestern Sugar and Molasses Corporation a note in the sum of $142,500 that the Citrus By-Products Corporation did not have knowledge that Clift was asserting ownership to the house in question. Third, at the time the defendant Citrus By-Products Corporation delivered to Southwestern Sugar and Molasses Company the note in the sum of $142,-500, that the facts and circumstances of and concerning plaintiff Clift's occupation of the house in question were not such as to put the defendant Citrus By-Products Corporation on notice as to Clift's claim to ownership of the house in question. Fourth, that the reasonable cash market value of the house in question, apart from the ground on which same is located, on or about March 5, 1947, was $1,880. Fifth, that the fair and reasonable cash rental value of the house in question, apart from the ground on which same is located, for the period of from March 5, 1947, to the time of trial was the sum of $455.

Based upon the verdict of the jury, the trial judge rendered judgment in favor of Clift against Sugatex Corporation, successor to Citrus By-Products Corporation, for the total sum of $2,096.20, from which judgment Sugatex Corporation has prosecuted this appeal.

Appellant's first contention is that the trial court erred in entering judgment for plaintiff on the verdict of the jury, for the reason that such issue No. 1 elicited only a finding as to the intention of A. I. Kaplan, and there is no finding in the record that Southwestern Sugar and Molasses Corporation ever agreed with W. H. Clift that the house in question should remain personalty and not become a part of the leasehold estate purchased by the defendant, and that plaintiff failed entirely to elicit and secure from the jury a finding as to any agreement between Southwestern Sugar and Molasses Company and W. H. Clift. The evidence shows that A. I. Kaplan was the president of Southwestern Sugar and Molasses Corporation. On or about April 24, 1945, he wrote to W. H. Clift asking him to come to McAllen, Texas, and work for the Southwestern Sugar and Molasses Corporation. Clift accepted this invitation and, on or about May 5, 1945, went to work for the Southwestern Sugar and Molasses Corporation. He was unable to find a house in the City of McAllen to which he could move his family and, at the suggestion of A. I. Kaplan, he built the house, largely by his own labor, which is the subject matter of this lawsuit. A. I. Kaplan gave him the lumber out of which he built the house, and also had the plumbing and electrical work done for Clift. The Corporation had leased a tract of land from the T. & N. O. Railway upon which it had erected a dehydrating plant. This is the same tract of land upon which the house in question stood. This lease contained the following provision, to wit: "Eighth: Upon termination of this lease by limitation or otherwise Lessee shall have the right and be obliged to remove, at Lessee's sole expense, from said premises any property that may have been placed thereon by Lessee or by Lessee's permission or procurement, tacit or otherwise; * * *."

The house thus built by Clift consisted of some four rooms 11' x 11' and also a porch in the rear. The house was set on concrete blocks. After the house was completed Clift and his family moved into same and occupied it as their home. It was found that it was not necessary for the corporation to have a night watchman after Clift and his family moved into the house on the same premises with the dehydrating plant. The night watchman was discharged and the corporation thus saved the expense of employing a night watchman. After Clift and his family had occupied this house for something over one year, the Southwestern Sugar and Molasses Corporation sold and transferred the lease, together with all improvements thereon, to the Citrus By-Products Corporation.

It is clear from the above that if Clift built this house upon the leasehold estate, without an agreement with the Southwestern Sugar and Molasses Company to the effect that it was not to become a fixture, the house would pass with the assignment of the lease and become the property of the Citrus By-Products Corporation.

There is no finding of the jury that Clift had an agreement with the Southwestern Sugar and Molasses Company that the house was not to become a part of the realty, and the only finding of the jury relating to this matter in any way is the jury's finding in answer to Issue No. 1, to the effect that it was the intention of A. I. Kaplan that the house should become the individual property of Clift. This house was an ordinary frame house, built upon concrete blocks, with plumbing and electric wiring, and it would become a fixture to the real estate unless there was an agreement between Clift and Southwestern Sugar and Molasses Company that such was not to be the case. 22 Am.Jur. 779.

It is unimportant what A. I. Kaplan may have intended at the time he encouraged Clift to build the house. The real issue is, did Clift have an agreement with Southwestern Sugar and Molasses Company that the house was not to become a part of the leasehold? This question was not even submitted to the jury. The evidence does not show that A. I. Kaplan purported to act for the Southwestern Sugar and Molasses Company, or that he had authority to do so. The burden was upon the appellee, Clift, to allege and prove by the evidence that he had an agreement with Southwestern Sugar and Molasses Company, a corporation, to the effect that he might build this house upon their leasehold estate without it becoming a part of the real property. This he failed to do and the judgment is not supported by the evidence. It is true that the evidence shows that A. I. Kaplan was the president and general manager of the Southwestern Sugar and Molasses Company, but it does not show that as such president and general manager he had authority from the directors of the corporation to enter into an agreement with Clift that the house built by him should remain his personal property. Such agreement on the part of A. I. Kaplan would not be a matter which was done in the usual course of business and, in the absence of a showing that the directors of the corporation authorized him to make such an agreement, it would not be binding upon the corporation. Hildebrand Texas Corporations, Vol. 2, p. 599.

The Citrus By-Products Corporation having purchased the leasehold estate from the Southwestern Sugar and Molasses Company, together with the buildings thereon, and having paid value therefor, under all the circumstances, were entitled to the house in question as against the claim of Clift that A. I. Kaplan had intended for this house to be Clift's personal property. The Sugatex Corporation is successor to all right in the leasehold estate owned by Citrus By-Products Company.

We do not consider it necessary to pass upon other points here presented by appellant.

The judgment of the trial court will be reversed and judgment here rendered that appellee take nothing by reason of his suit and pay all costs of this and the court below.